IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY CLEGG, #276 457, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-870-WC |
| | ) | [WO] |
| JEFFREY SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action for damages and injunctive relief involves a dispute over the adequacy of medical care and treatment afforded Plaintiff Jeffrey Clegg ["Clegg"] during his incarceration at the Bullock Correctional Facility ["Bullock] in Union Springs, Alabama.[1] Clegg names as the defendant Nurse Jeffrey Sanders ["Sanders"].[2]

Sanders filed an answer, special report, supplemental special reports, and supporting evidentiary materials addressing Clegg's claims for relief. Docs. 6, 8, 17, 34, 39. In these documents, Sanders denies he acted in violation of Clegg's constitutional rights. Sanders also asserts the complaint is due to be dismissed because Clegg failed to exhaust an administrative remedy available to him through the prison system's medical care provider regarding his claims

---

[1] Since filing suit, Clegg has been released from custody.

[2] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 10.

prior to filing the complaint. Doc. 54. The court then issued an order providing Clegg an opportunity to file a response to Sanders' argument that "he failed to exhaust his available administrative remedies . . . as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") [prior to filing this federal civil action] . . . ." Doc. 55 at 1 (footnote omitted). The order also advised Clegg his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 55 at 3. The order further notified the parties that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the supplemental special report (Doc. 54) and any supporting evidentiary material as a motion to dismiss and/or motion for summary judgment and, (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 55 at 3. Clegg has filed nothing in response to said order.

Pursuant to the court's order of October 22, 2019 (Doc. 55), the court deems it appropriate to treat the supplemental special report filed by Defendant Sanders (Doc. 54) as a motion to dismiss regarding the exhaustion defense. This case is now pending on Sanders' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) (holding "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (holding the district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case" and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 Fed. App'x at 366 (citations and internal quotations omitted).

Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 Fed. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

## III. DISCUSSION

Clegg challenges the adequacy of medical care Sanders provided to him at the Bullock Correctional Facility in October and November of 2016 regarding a chronic dry eye condition. Sanders denies the allegations and also asserts this case against him is subject to dismissal because Clegg failed to exhaust the administrative remedy provided to him by the institutional medical care provider prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 54-1, 54-2.

The PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought– monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

"[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, ___ U.S. ___, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," which

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot satisfy the PLRA's "exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id*. at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion

requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. Sanders' evidentiary materials reflect Clegg had access to the grievance procedure at Bullock while incarcerated at the facility and that no correctional staff interfered with his ability to file a grievance. When inmates are processed into the custody of the Alabama Department of Corrections, they receive information regarding the availability of the inmate request process and the formal medical grievance process whereby inmates may voice complaints regarding any medical treatment sought or received during their incarceration. Inmate grievance forms are available to inmates at Bullock to submit a grievance related to the provision of health care. Inmates are instructed to place their completed grievance or grievance appeal in the sick call box in the main hall where they are retrieved by the medical records clerk. Each grievance form retrieved is date and time stamped. Inmate grievances are answered by the Health Services Administrator ["HSA"] (or designee) within five working days of receipt of the grievance, and a written response to the grievance—after it is logged, answered, and annotated in the grievance log—is placed in the inmate mailbox then distributed to the inmate by prison security personnel. The inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. A written response to a formal grievance appeal is provided in five days of receipt by the HSA and is distributed to the inmate through the inmate mail system after it is logged in the grievance log and taken to the Warden. If the inmate is unsatisfied with the

HSA's response to the grievance appeal, the inmate is summoned for a one-on-one meeting with the HSA and warden or designee. Doc. 54-1; Doc. 54-2 at 1–6.

The record establishes that Clegg had an administrative remedy available to him at Bullock during his confinement at the facility. The undisputed evidentiary materials filed by Sanders further establishes Clegg failed to properly exhaust this remedy prior to filing the instant civil action. Although Clegg submitted a grievance on October 31, 2016, regarding the challenge to the provision of medical care made in his complaint, he failed to file a medical grievance appeal in accordance with the institutional medical provider's grievance procedure. Doc. 54-1, 54-2. It is likewise clear that the administrative remedy is no longer available to Clegg as he is no longer in custody of the Alabama Department of Correction, having has been released from custody during the pendency of this case. *See* Docs. 50, 51. Clegg's access to the institution's administrative remedy is, thus, no longer available to him. Dismissal with prejudice is therefore appropriate regarding Clegg's claims against Defendant Sanders. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding an inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that:

1. Defendant's motion to dismiss (Doc. 54) is GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Bullock Correctional Facility prior to initiating this cause of action.

2. This case is DISMISSED with prejudice under 42 U.S.C. § 1997e(a).

3. No costs are taxed.

A separate final judgment will be entered.

Done this 7th day of November, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE